IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| RACHEL LOCKHART,<br><br>Plaintiff,<br><br>vs.<br><br>FCA US, LLC, a Delaware limited liability company;<br><br>Defendant. | 8:24CV199<br><br>**ORDER** |

This matter is before the court on Plaintiff's Motion to Extend Expert Witness Identification and Disclosure Deadlines. (Filing No. 43). For the following reasons, the motion is granted.

BACKGROUND

On April 29, 2024, Plaintiff filed a Complaint in state court alleging personal injuries sustained from a non-collision deployment of the driver's side Active Head Restraint ("AHR") in a vehicle sold by Defendant. This matter was removed on May 30, 2024. On July 9, 2024, the court entered the first Case Progression Order, setting all deadlines for progression, including the deadline for expert witness identification on November 1, 2024, and the deadline for complete expert disclosures on January 31, 2025 for both parties. (Filing No. 14). The deadlines have since been extended twice. (See Filing Nos. 22, 28).

The operative Final Progression Order was filed on January 15, 2025, after the parties filed a joint request to extend the deadlines. (Filing No. 28). According to that order,

the joint deadline to identify expert witnesses was March 31, 2025, and the complete expert disclosure deadline was April 30, 2025 for Plaintiff and May 30, 2025 for Defendant. (Id.)

On May 8, 2025, Plaintiff served Defendant with the expert report of Dr. Jiaxin Tran, MD, which was authored April 14, 2025. (Filing No. 47-2). According to Defendant, Dr. Tran was not disclosed as an expert in the Rule 26(a)(2) disclosures, and the disclosure was made after both the identification and the disclosure deadline. (Filing No. 47). Plaintiff acknowledges the late disclosure. (Filing No. 53-1). Plaintiff further states that her physician, Dr. Choi, recommended an evaluation for an impairment rating be done as soon as practicable, but that Dr. Choi did not perform those services. (Id.) Plaintiff made Defendant aware of the recommendation for an impairment rating in its "Notice of Disclosure of Liability Expert Witness & Information Concerning Medical Expert Witnesses & Status," dated February 12, 2025, by stating:

> 6. Dr. Choi has informed Ms. Lockhart that she has plateaued in her recovery and it is appropriate for her to be evaluated for permanent impairment. She seeks that service now but may require additional time to satisfy expert witness disclosure deadlines for her medical evidence. Within the past 14 days, Ms. Lockhart has been advised by Dr. Justin Y. Choi that she might now be ready for evaluation for an impairment rating. Dr. Choi does not provide this service.

(Filing No. 53-1). Plaintiff received the impairment rating from Dr. Tran on May 8, 2025 at 3:09 p.m. and transmitted it to Defendant the same day at 4:15 p.m. (Id.) Defense counsel promptly alerted the court of the late disclosure. On May 20, 2025, Plaintiff filed a Motion to Extend the expert disclosure deadlines to June 20, 2025 for Plaintiff, and July 21, 2025 for Defendant. (Filing No. 43). After a court mandated meet and confer regarding Plaintiff's request, the parties held a discovery dispute conference before the undersigned magistrate judge to discuss the pending motion and address Defendant's objections. The matter was taken under advisement pending further briefing. Now being fully advised, the court finds as follows.

## LEGAL STANDARD

"Rule 6(b)(1) of the Federal Rules of Civil Procedure provides that a deadline may be extended for good cause, on a party's motion, if the party missed the deadline due to excusable neglect." *Paris Sch. Dist. v. Harter*, 894 F.3d 885, 890 (8th Cir. 2018); Fed. R. Civ. P. 6(b)(1)(B) ("When an act may or must be done within a specified time, the court

may, for good cause, extend the time ... on motion made after the time has expired if the party failed to act because of excusable neglect."). "'The primary measure of good cause is the movant's diligence' in attempting to meet deadlines." *Albright as Next Friend of Doe v. Mountain Home Sch. Dist.,* 926 F.3d 942, 951 (8th Cir. 2019) (quoting *Rahn v. Hawkins*, 464 F.3d 813, 822 (8th Cir. 2006)).

"In determining whether a party has demonstrated "excusable neglect" under Rule 6(b)(1)(B), courts consider four factors to be "particularly important." *Chorosevic v. MetLife Choices*, 600 F.3d 934, 946 (8th Cir. 2010). These four factors are as follows: (1) the possibility of prejudice to the non-moving party; (2) the length of the delay and the possible impact of that delay on judicial proceedings; (3) the moving party's reasons for delay, including whether the delay was within her reasonable control; and (4) whether the moving party acted in good faith. *Id.*; see also *Sugarbaker v. SSM Healthcare*, 187 F.3d 853, 856 (8th Cir. 1999). The party seeking consideration of an untimely filing bears the burden of establishing excusable neglect. See *Precision of New Hampton, Inc. v. Transtar Indus., Inc.*, No. C14–2067, 2015 WL 12911989, at *1 (N.D. Iowa Nov. 30, 2015) (recognizing that a party who submits an untimely response to a motion for summary judgment "has the burden of showing it failed" to do so "because of 'excusable neglect' and that there is 'good cause' to grant its request for extension of time"). District courts are afforded discretion in determining whether there is excusable neglect. See *Albright as Next Friend of Doe*, 926 F.3d at 951–52; See *Guthrie v. Eber*, 431 F. App'x 519 (8th Cir. 2011) (per curiam); See *Joe Hand Promotions, Inc., v. Cantina El Sol, LLC*, No. 8:22-CV-113, 2023 WL 4295507, at *2 (D. Neb. June 30, 2023).

## ANALYSIS

Defendant argues that Plaintiff cannot meet its burden of showing both excusable neglect and good cause under the applicable legal standards. First, Defendant contends that extending the deadlines will result in unfair prejudice because Defendant has already deposed Plaintiff's liability expert and served its own expert disclosures in response to that deposition. Further, it argues that allowing Dr. Tran's expert opinion would require Defendant to obtain a second medical examination. The court notes that Defendant was made aware of the potential need for an extension dependent on when the impairment rating could be provided. (Filing No. 53-1). While the court acknowledges that any extension could subject Defendant to additional deposition preparation and cost, the

deposition deadline has not yet passed, and discovery remains ongoing. The disclosure was made as soon as the Plaintiff could practically disclose it. While the proper procedure would have been for Plaintiff to request the extension prior to the expiration of the deadline, given the circumstances surrounding the disclosure, the court fails to find unfair prejudice on behalf of the Defendant.

Next, Defendant contends that extending the deadline will cause a delay in these proceedings. The court disagrees. While the court notes that this case has pending for a year, many of the progression deadlines have not yet passed, and discovery is ongoing. No trial has been set in this case and the current deadline for dispositive motions is August 29, 2025. The court sees no reason why a brief extension to the disclosure deadline should impact those deadlines, and if needed, would entertain a similar reasonable extension to those deadlines to accommodate the parties if necessary.

Defendant also argues that Plaintiff failed to provide a compelling reason for the delay and acted in bad faith. Again, the court disagrees. First, Plaintiff put Defendant on notice that the assessment would be forthcoming and an extension to the deadlines may be warranted. Second, the court notes that the impairment rating is central to the issues of this case, and as Plaintiff indicates, "[i]njured Plaintiffs, like the one at hand, take time to heal. Her medical professionals deemed the last several months the appropriate time to assess Plaintiff for existence of a permanent impairment rating." (Filing No. 53-1). Lastly, the expert opinion provided to Plaintiff was a result of referral of Plaintiff's physician, well outside of Plaintiff's control. The court fails to see how this amounts to bad faith. Considering the four factors discussed above, the court finds that Plaintiff demonstrated excusable neglect.

Finally, Defendant maintains that Plaintiff failed to demonstrate good cause for the extension because Plaintiff made no attempt to comply with the current scheduling order. As discussed above, the court agrees that Plaintiff should have made an effort to seek the extension prior to the expiration of the deadline. However, given that Plaintiff made Defendant aware of the circumstances surrounding the incoming impairment rating well ahead of the disclosure deadline, the court is persuaded that Plaintiff was mindful of the impending deadlines and attempted to keep Defendant cognizant of any developments. Plaintiff again acknowledges her noncompliance, but states, "[n]oncompliance occurred because Plaintiff was not in a position to have an assessment performed until her own

physician, Dr. Choi, recommended on [*sic*]. That was done on the basis that Plaintiff's healing had plateaued. A report was sought as soon as practicable, but the responsibility for the assessment & report was deferred twice amongst Madonna's physicians." (Filing No. 53). Had the report been delivered on the day it was authored, it would have met the disclosure deadline. However, for reasons unknown to Plaintiff and the court, this was not the case. Again, considering all the circumstances, the court finds that Plaintiff met its burden of demonstrating both excusable neglect and good cause for the extension.

Accordingly,

IT IS ORDERED:

Plaintiffs Motion to Extend Deadlines (Filing No. 43) is granted. The Second Amended Final Progression Order (Filing No. 28) is hereby amended as follows:

The deadlines for complete expert disclosures for all experts expected to testify at trial, (both retained experts, (Fed. R. Civ. P. 26(a)(2)(B)), and non-retained experts, (Fed. R. Civ. P. 26(a)(2)(C)), are:

   For the plaintiff(s): June 30, 2025.

   For the defendant(s): July 31, 2025.

Dated this 18th day of June, 2025.

BY THE COURT:

s/ Ryan C. Carson
United States Magistrate Judge