IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| RACHEL LOCKHART, | |
| Plaintiff, | 8:24CV199 |
| vs. | |
| FCA US, LLC, a Delaware limited liability company; | ORDER |
| Defendant. | |

This matter comes before the court on Plaintiff's Motion to Quash (Filing No. 57). Plaintiff requests that the court quash a third-party subpoena served on Chris Glover, Registered Agent and Managing Attorney and Beasley Allen Law Firm (collectively referred to as "Beasley") in Atlanta, GA. Plaintiff maintains the information sought from Beasley is privileged communications between Plaintiff and a prior law firm concerning information related to this case, which is prohibited by Fed.R.Civ.P. 45(d)(3)(A)(iii).

On June 6, 2025, Defendant filed a Notice of Service of subpoenas for documents to Beasley, along with several other entities. (Filing No. 52). The subpoena itself is dated June 5, 2025. (Filing No. 57-1). The subpoena requested "All communications and documents/files exchanged between Beasley Allen Law Firm and Rachel Lockhart relating to Ms. Lockhart's request for Beasley Allen Law Firm to represent her in a claim against FCA US LLC." Id.

The record does not contain evidence that any party served objections to the subpoena on the noticing party within 7 days. See NECivR. 45.1(b) ("After receipt of the

notice [of intent to serve a subpoena upon a nonparty]), the adverse party has 7 days to serve written objections to the subpoena on the noticing party.") No further action was taken regarding the subpoena until July 11, 2025, when Plaintiff filed the Motion to Quash. Notably, Plaintiff did not file a brief with her motion. Defendant filed a response to the motion on July 24, 2025. (Filing No. 59). This matter came on for status call on August 4, 2025, and the parties provided the court with additional argument on the record. The court denies the motion for the following reasons and as noted on the record, incorporated herein by reference:

As an initial matter, Defendant advised that the subpoena was issued to Beasley on June 5, 2025, and the Notice of Intent was filed the following day. The court notes that by failing to provide Plaintiff seven (7) days to object to the subpoena, Defendant failed to adhere to NECivR 45.1(b), which states that "no subpoena may be issued for documents or premises whose inspection or production is contested under this rule until the parties resolve the objections." Here, Defendant acknowledges that it failed to comply as it sent the subpoena and notice out at around the same time. The court finds, however, that any prejudice for this failure is minimal as Plaintiff has had more than enough time to note any objections after receiving notice of the subpoena and failed to do so, waiting almost a month to file a motion to quash. Plaintiff also failed to comply with NECivR. 7.1(a), 7.1(j), 45.1(b), the court's Final Progression Order (Filing No. 28), and again did not timely serve written objections or timely file the motion to quash under Fed.R.Civ.P. 45.

First, Plaintiff did not contact chambers to discuss this dispute prior to filing the Motion to Quash, as required in the Final Progression Order, which states "Note: A motion to compel, to quash, or for a disputed protective order shall not be filed without first contacting the chambers of the undersigned magistrate judge to set a conference for discussing the parties' dispute." (Filing No. 28, at para. 2). Second, Plaintiff admittedly failed to meet and confer with Defendant prior to filing the Motion to Quash, pursuant to NECivR. 7.1(j). Plaintiff's counsel acknowledged on the record that he did not attempt to

contact Defendant at any point prior to filing the motion. Third, Plaintiff did not provide a supporting brief with her motion, pursuant to NECivR 7.1(a).

The court further finds that Plaintiff failed to timely object to the subpoena and failed to timely file the Motion to Quash. As already noted, no objections were filed by any party after the subpoena was served. Further, the date of compliance was July 5, 2025, and the Motion to Quash was filed July 11, 2025. (Filing No. 57). There is nothing in our record to indicate that any discussion occurred between counsel at any point between those dates. While "timely" is not defined in Rule 45(d)(3)(A), nor discussed in the advisory committee notes, "[i]t is well settled that, to be timely, a motion to quash a subpoena must be made prior to the return date of the subpoena." See *Cattle & Beef Antitrust Litig. v. JBS S.A.*, No. 8:22CV204, 2022 WL 17718553, at *6 (D. Neb. Dec. 15, 2022) *citing In re DMCA Section 512(h) Subpoena to YouTube (Google, Inc.)*, 581 F. Supp. 3d 509, 516 (S.D.N.Y. 2022); *Luman v. FCA US LLC*, No. 6:18-CV-06113, 2019 WL 3432422, at *2 (W.D. Ark. July 30, 2019); *Sines v. Kessler*, 325 F.R.D. 563, 567 (E.D.La. May 17, 2018) (holding courts have generally interpreted "timely" to mean within the time set in the subpoena for compliance); *F.T.C. v. Trudeau*, No. 5:12MC35, 2012 WL 5463829, at *3 (N.D. Ohio Nov. 8, 2012)." The court is unaware if any documents have been produced as a result of the subpoena, as nothing on that subject was provided by either party. Nonetheless, the court cannot overlook Plaintiff's repeated failures to adhere to the local rules and as such, must deny the motion. See *Knapp v. Novartis Consumer Health, Inc.*, No. 4:14CV3007, 2014 WL 7082089, at *1 (D. Neb. Dec. 12, 2014) (Failure to comply with the local rules regarding service of objections to a notice of nonparty subpoena is itself a basis for denying a motion to quash).

The Defendant also argues that Plaintiff lacks standing to quash the subpoena as the information he seeks is not privileged. Defendant asserts that it is not seeking any confidential information, but rather the papers Plaintiff was preparing to give to Beasley in advance of her legal consult, including bills, doctors' notes, diagnoses and prognoses. (Filing No. 59-3, 114:17-21). While the court questions what Defendant is trying to obtain

from Beasley, it does note that a party generally lacks standing to challenge a subpoena issued to a third party absent a claim of privilege, proprietary interest, or personal interest in the subpoenaed matter." *Knapp v. Novartis Consumer Health, Inc.,* No. 4:14CV3007, 2014 WL 7082089, at *2 (D. Neb. Dec. 12, 2014) citing *Washington v. Thurgood Marshall Academy*, 230 F.R.D. 18, 21 (D.D.C.2005). A person opposing production of documents based on privilege or seeking protection for documents that fall under the attorney-client privilege bears the burden of establishing the privilege applies. See Fed.R.Civ.P. 26(b)(5). Again, Plaintiff failed to provide a brief or any additional argument beyond attaching the subpoena to her motion. As such, Plaintiff has failed to meet her burden of establishing any privilege applies.

Accordingly,

IT IS ORDERED:

Plaintiff's Motion to Quash (Filing No. 57) is denied.

Dated this 5th day of August, 2025.

BY THE COURT:

s/ Ryan C. Carson
United States Magistrate Judge